UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BERNARD L. ROSCH,

                Plaintiff,

                                        **ORDER**
    -against-                              15-CV-622 (SJF)(ARL)

LOCAL 888,

                Defendant.
----------------------------------------------------------X
FEUERSTEIN, J.

Bernard L. Rosch, *pro se* plaintiff ("Rosch" or "Plaintiff"), filed an action in the Supreme Court of Nassau County, alleging that Local 888, United Food and Commercial Workers (the "Union" or "Defendant") owes him unpaid pension benefits pursuant to ERISA. Defendant removed the action to this Court and has moved to dismiss the action, contending that the Union lacks authority to administer the pension plan under which Plaintiff seeks his employee benefits. Defendant's motion to dismiss is granted.

**I.    Background**

On January 12, 2015, Plaintiff filed an action in Nassau County Supreme Court against the Union, seeking pension benefits that he claims are owed to him pursuant to the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. On February 10, 2015, the Union removed the action to this Court pursuant to 29 U.S.C. § 1441. On April 2, 2015, the Union moved to dismiss the action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that pursuant to ERISA, a labor union may not be held liable for nonpayment of pension benefits.

## II. Discussion

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of New York*, 185 F.3d 243, 247 (2d Cir. 1999). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

ERISA provides that "a participant or beneficiary" may bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The statute further mandates that an action may be brought against an "employee benefit plan . . . as an entity," and that "[a]ny money judgment . . . against an employee benefit plan shall be enforceable only against the plan as an entity." *Id.* at § 1132(d). The Second Circuit has held that "[i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Chapman v. Choicecare Long Island Disability Plan*, 288 F.3d 506, 509 (2d Cir. 2002). Liability, if any, rests solely upon a pension plan and its trustees, because "ERISA vests the exclusive authority and discretion to manage and control the assets of the plan in the trustees alone, and *not the employer or the union*." *N.L.R.B. v. Amax Coal Co.*, 453 U.S. 322, 333 (1981) (quoting 29 U.S.C. § 1103(a)) (internal quotation marks omitted) (emphasis added).

By filing suit against the Union for unpaid pension benefits, Plaintiff has incorrectly named the Union as defendant in this action. The case against the Union must therefore be dismissed.

## III.  Conclusion

For the reasons stated above, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted, and the case is dismissed with prejudice. The Clerk of the Court is directed to enter judgment, to close the case, and to serve a copy of this Order upon Plaintiff pursuant to Rule 77(d)(1).

**SO ORDERED.**

<u>s/ Sandra J. Feuerstein</u>
Sandra J. Feuerstein
United States District Judge

Dated: November 16, 2015
      Central Islip, New York